IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES R. HENSON, Inmate #1611, )
IDOC No. N-70390, )
 )
      Plaintiff, )
 ) CIVIL NO. 10-cv-795-JPG
vs. )
 )
JEREMY KENNON, JONI FISHER, )
PATRICIA KELLEY, and BRUCE )
WILLIAMS, )
 )
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      Plaintiff James R. Henson, an inmate currently in the McHenry County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was housed in the Chester Mental Health Center. Plaintiff is serving 6-year and 5-year sentences for separate convictions of aiding and abetting the possession or sale of a stolen vehicle. Plainitiff is also awaiting trial on another charge and was confined in the Chester Mental Health Center after a finding that he was unfit to stand trial. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff alleges that on July 8, 2010, Defendant Kennon, assisted by Defendant Williams, confiscated several personal property items from Plaintiff's living area. Plaintiff's medication information and personal hygiene items were later returned to him on July 20, 2010. However,

Defendant Fisher took possession of Plaintiff's legal material on July 8, 2010, and has refused to return it. The items retained by Defendant Fisher included an unfinished letter and envelope marked "legal mail" to Plaintiff's legal counsel (an attorney appointed in an unrelated case); a list of legal phone numbers and addresses; and other handwritten legal documents prepared by Plaintiff in his pursuit of prior complaints over Defendant Kennon's and Defendant Fisher's treatment of Plaintiff.

Also on July 8, 2010, Defendant Kennon filed a false report accusing Plaintiff of making a dangerous weapon with a toothbrush. As a result, Plaintiff was denied access to writing materials (a pencil) for 6 weeks, depriving him of the ability to write to his attorney or the courts, and preventing him from filing written grievances. Plaintiff's use of a toothbrush was also restricted, as was his recreation time.

Finally, Plaintiff complains that Defendant Kelley has refused to address his written complaints regarding Defendants Kennon and Fisher. One of Plaintiff's complaints involved Defendant Fisher's withholding of over 200 pages of legal mail and other material that had been kept from Plaintiff since his arrival at the Chester Mental Health Center.

Plaintiff seeks damages in the amount of $300,000.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Confiscation of Legal Mail**

The interference with Plaintiff's legal mail potentially implicates both his rights to free speech and association, and his right to access the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996). Inmates have a First Amendment right both to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). An inmate's mail can be opened and inspected for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 574-77 (1974); *Rowe*, 196 F.3d at 782. However, an inmate's rights may be violated if prison officials open clearly marked incoming legal mail outside the inmate's presence. *See Wolff*, 418 U.S. at 577; *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 305-06 (7th Cir. 1993). Moreover, outgoing legal mail from an inmate is subject to "greater constitutional protection [than incoming legal mail] because of the lesser security concerns presented." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003).

While the negligent or inadvertent opening of a legal letter is not actionable, s*ee, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990), the deliberate opening of legal mail and theft of mail may state a valid claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (defendant's allegedly deliberate opening of legal mail, inordinate delay in delivering legal mail, and theft of mail stated constitutional claim). Here, Plaintiff has alleged that the Defendants deliberately "stole" his outgoing legal mail to his appointed counsel, and refused to return it to him for an inordinate amount of time. At this stage of the litigation, Plaintiff's claim for the taking of his legal mail cannot be dismissed.

**Count 2 - Confiscation of Legal Documents**

The taking of Plaintiff's handwritten legal documents and list of legal phone numbers and addresses must be analyzed in reference to whether the taking has interfered with Plaintiff's

access to the courts.  At the time of the "theft," Plaintiff had one civil rights case pending in the Northern District of Illinois.  He later filed a case in August 2010, five more in October 2010 (including this case), and two more in January, 2011.  Of these cases, three passed threshold review and are pending in the Northern District of Illinois, where counsel has been appointed for Plaintiff.[1]  In this Court, one other case in addition to the case at bar awaits threshold review, one was dismissed for failure to state a claim, and a fourth[2] has passed threshold review.  In addition, Plaintiff had a pending criminal prosecution at the time his legal papers were taken; that criminal case resulted in his placement in the Chester Mental Health Center with the goal of restoring him to fitness to stand trial.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  First, the prisoner must show either failure to provide him with access to legal material or assistance from "persons trained in the law."  *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992); *see also Bounds v. Smith*, 430 U.S. 817, 828 (1977).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868.  While there must be some detriment resulting from illegal conduct that affects litigation, this does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

---

[1] *Henson v. Sedlock*, No. 10-c-50111 (N.D. Ill. filed May 3, 2010); *Henson v. Sedlock*, No. 10-c-50214 (N.D. Ill. filed Aug. 23, 2010); *Henson v. Solarzano*, No. 10-c-50262 (N.D. Ill. filed Oct. 5, 2010).

[2] *Henson v. Kennon*, 11-cv-4 (S.D. Ill. filed Jan. 4, 2011).

Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603; *see also Walters v. Edgar*, 163 F.3d 430, 434-35 (7th Cir. 1998) ("denial of access to the courts is not actionable unless the plaintiff has suffered an injury over and above the denial").

An allegation of actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts, *Martin v. Davies,* 917 F.2d 336, 340 (7th cir. 1990); *see also Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005); *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987). Such an allegation must be more than merely conclusory.

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) (quoting *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir. 1999)).

In the instant case, Plaintiff has alleged an improper and deliberate interference with access to his legal material, which may have caused him some detriment in the pursuit of one or more of the cases identified above. However, Plaintiff has failed to identify which of his cases, if any, was affected by the taking of his legal materials, nor has he outlined how the taking caused him any delay or other prejudice in the pursuit of a meritorious claim. Therefore, Plaintiff shall

be allowed an opportunity to amend his complaint to correct this deficiency, in the event he suffered some prejudice as a result of the Defendants' actions described in Count 2. Should Plaintiff fail to amend his complaint as ordered below, or should he fail to allege any detriment to his ability to prosecute a meritorious claim, Count 2 shall be dismissed from this action with prejudice.

**Count 3 - False Disciplinary Charge**

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff*, 418 U.S. at 563-69; *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a

correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff states that Defendant Kennon, after filing the false charges, denied him the use of any writing utensil, restricted his use of a toothbrush and often denied his access to recreation. The complaint appears to indicate that Defendant Kennon took these measures on his own, without affording Plaintiff any hearing or other procedural protections outlined in *Wolff* (Doc. 1, p. 11). However, elsewhere in his complaint, Plaintiff refers to "disciplinary action taken against me" by Defendant Kelley (the Director of Chester Mental Health Center) following the false disciplinary report (Doc. 1, p. 12). Therefore it appears that Plaintiff was afforded a hearing after the false charges, and that disciplinary action was taken after that hearing. Plaintiff has not pointed out any failure to provide him with the procedural protections outlined in *Wolff*, nor has he claimed that the decision of the hearing body was not supported by any evidence. Accordingly, Plaintiff has failed to plead any violation of his due process rights, and Count 3 must be dismissed without prejudice.

**Count 4 - Failure to Respond to Grievances**

Finally, Plaintiff alleges that Defendant Kelley has refused to address his written complaints about Defendants Kennon and Fisher, and failed to review the "disciplinary action taken against me, subsequent to Kennon's false report" (Doc. 1, p. 12).

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Furthermore, Plaintiff has no

constitutional right to have his grievances resolved in his favor.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).  Accordingly, the allegations in Count 4 against Defendant Kelley fail to state a claim upon which relief may be granted, and must be dismissed with prejudice.

**Disposition**

      **IT IS HEREBY ORDERED** that **COUNTS 3** and **4** fail to state a claim upon which relief may be granted, and thus are **DISMISSED**.  The dismissal of Count 3 shall be without prejudice.  The dismissal of Count 4 shall be with prejudice.  Defendant **KELLEY** is **DISMISSED** from this action with prejudice.

      **IT IS FURTHER ORDERED** that service of the original complaint (Doc. 1) on the remaining Defendants shall proceed without delay, as the claim designated herein as Count 1 is sufficient under § 1915A.  However, Plaintiff must amend the portion of his complaint designated as Count 2, in order to adequately state a claim on which he may be entitled to relief.  Therefore, **IT IS FURTHER ORDERED** that Plaintiff shall file his First Amended Complaint, including Count 1 and correcting the deficiencies in Count 2 outlined above, within 35 days of the entry of this order (on or before June 24, 2011).  Failure to file an amended complaint, or failure to credibly allege any detriment to Plaintiff's ability to prosecute a meritorious legal claim, shall result in dismissal of the claim in Count 2 pursuant to Federal Rule of Civil Procedure 41(b).  Should Plaintiff fail to file an amended complaint, Count 1 will still proceed, but Count 2 will be dismissed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Plaintiff shall serve a copy of the First Amended Complaint on Defendants **KENNON**, **FISHER** and **WILLIAMS** as described below.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **KENNON**, **FISHER** and **WILLIAMS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 18, 2011**

*s/J. Phil Gilbert*
**United States District Judge**